UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL ALLY CUSTOMS BROKERS, INC., a California Corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>　　　　　　　Defendants. | Case No.: 24-cv-0187-BEN (BLM)<br><br>**ORDER GRANTING MOTION TO AMEND AND REMANDING**<br><br>**[ECF No. 8]** |

Now before the Court is Plaintiff's motion to amend and remand. Having considered the papers and parties' arguments, and for the reasons set forth below, Plaintiff's motion to amend and remand is granted.

**I. BACKGROUND**

Plaintiff filed the instant lawsuit against Ford Motor Company in Case No. 37-2023-00052007-CU-BCCTL of the Superior Court of California, County of San Diego. Plaintiff filed its state action asserting state causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), and breaches of express and implied warranty. The causes of action are based on Plaintiff's $82,249 purchase of a new 2020 Ford F-150 (VIN:1FTFWIRG6LFB34737) and alleged substantial defects discovered therein. Ford Motor Company then removed the case to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship and an amount in controversy exceeding $75,000.

Plaintiff now seeks leave to file a First Amended Complaint to join as an indispensable party defendant Chula Vista Ford, a citizen of California, as well as a cause

of action for negligent repair against Chula Vista Ford. *See* Motion, Dkt. 8 at 1. Plaintiff argues that joinder of Chula Vista Ford under 28 U.S.C. § 1447(e) is proper because efforts to repair the allegedly defective F-150 truck were attempted by Chula Vista Ford and that therefore it is needed for just adjudication of this matter (*e.g.*, the causes of action against Ford Motor Company and Chula Vista Ford involve the same nucleus of operative facts, the same legal theories, the same vehicle, and the same alleged defects). Plaintiff also argues that resolution of the causes of action would require many of the same documents and witnesses and will turn on many of the same legal and factual questions. Plaintiff says its proposed amendment is timely and the cause of action against Chula Vista Ford is facially legitimate. Finally, Plaintiff asserts that denial of joinder will prejudice Plaintiff. *See* Motion Dkt 8-1 at 1. Moreover, as Chula Vista Ford would be a a non-diverse defendant, Plaintiff seeks to remand this action to the San Diego County Superior Court for lack of subject federal matter jurisdiction. Defendant objects that joinder of Chula Vista Ford is improperly sought for the purposes of destroying diversity jurisdiction.

## II. LEGAL STANDARDS

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(1); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). However, a district court must remand a case back to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Generally, leave to amend a complaint is to be freely given as justice requires under FRCP Rule 15(a)(2). At the same time, under 28 U.S.C. § 1447(e), "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Forward-Rossi v. Jaguar Land Rover North America, LLC*, No. 16-00949, 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016) (quoting 28 U.S.C. § 1447(e)).

### III. DISCUSSION

Plaintiff seeks leave to amend his Complaint to add a non-diverse defendant, *i.e.*, the local Chula Vista Ford dealership that attempted repairs on the allegedly defective F-150 truck manufactured by Defendant Ford Motor Company. Defendant does not argue that the proposed amendment is improper in and of itself, other than to suggest that the claim against the dealership ultimately lacks merit. Plausibility is normally the test for judging a proposed amended claim for relief. The ultimate merit of the proposed claim is tested later. Here, Plaintiff proposes to amend its Complaint with a clearly plausible claim for relief.

Leave for such an amendment is normally given under the federal courts' liberal approach of favoring deciding cases on the merits. *See* F.R.C.P. Rule 15(a)(2). "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted). "Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)).

The thrust of Defendant's opposition is that the proposed amendment is improper because the addition of a California citizen defendant would destroy diversity jurisdiction. Defendant relies on 28 U.S.C. §1447(e). There is a current split of opinion among trial courts regarding whether to apply Rule 15(a) or Section 1447(e) in these circumstances. The split has not yet been addressed by the Ninth Circuit. *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (Curiel, J.) (noting split of opinion and applying § 1447(e) to timely post-removal amendment).

Defendant Ford Motor Company has made its argument before, but the arguments have not been persuasive. *See Blowers v. Ford Motor Co.*, Case No. CV 17–8224–JFW (KSx), 2018 WL 654415 at *2-3 (C.D. Cal. Jan. 18, 2018) (granting leave to amend to

add non-diverse defendant dealership and remanding); *Malijen v. Ford Motor Co.*, No. 20-cv-1217-JBG-KKX, 2020 WL 5934298 at *2 (C.D. Cal. Aug. 20, 2020) (granting leave to amend to add non-diverse defendant under §1447(e) and remanding); *Lee v. Ford Motor Corp.*, No. 19-cv-10170-AB-FFM, 2020 WL 2835748 at *3 (C.D. Cal. May 29, 2020) ("Plaintiff's joinder of the Dealer was procedurally proper and not subject to the scrutiny of a §1447(e) analysis."). *Blowers* decided that "despite Ford Motor Co.'s arguments, there is nothing inherently unfair in allowing Plaintiffs to join Santa Maria Ford 'as a matter of course' to obtain remand. As other courts have recognized, removal to federal court is itself a type of forum shopping, and there is nothing inherently wrong with a party using procedural rules to secure a remand to the forum of their choice." *Id.* at *3. This Court agrees with *Blowers*, *Malijen*, and *Lee*, and finds that leave should be granted Plaintiff to amend its Complaint to add a non-diverse dealership.

In light of the conclusion that Plaintiff's amendment naming Chula Vista Ford as a defendant will be granted, diversity jurisdiction no longer exists. Title 28 U.S.C. §1447(c) clearly provides that where subject matter jurisdiction does not exist, the Court must remand the action. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Nat'l Ass'n. of Home Builders v. Defenders of Wildlife*, 551 U.S. 664, 661–62 (2007) (statute admits of no discretion). Accordingly, the Court concludes that remand is required.

### IV. CONCLUSION

Plaintiff's motion to amend is granted, the proposed amended complaint is deemed filed, and the case is remanded back to the Superior Court of California, San Diego County, Case No. 37-2023-00052007-CU-BCCTL.

**IT IS SO ORDERED.**

Dated: August 7, 2024

_____
**HON. ROGER T. BENITEZ**
United States District Judge